IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. DEWHART,<br>AIS# 134373, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| vs. | : CIVIL ACTION NO. 11-00200-CG-B |
| | : |
| BP MAJORITY, | :<br>: |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint alleging violation of 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint.** (Doc. 1).

Plaintiff filed a brief Complaint on this Court's form for actions alleging violations of 42 U.S.C. § 1983. He names only one Defendant, BP Majority.[1] BP Majority's address is given as

---

[1] Plaintiff was advised by the complaint form that persons who are defendants to this action must be listed in Section III
(Continued)

1

BP Corporation in Texas City, Texas. (Doc. 1 at 5). This is the extent of information regarding the identity of Defendant provided by Plaintiff. The information concerning Plaintiff's claim is similarly scant and is set out in its entirety below.

> BP breached their oral contract of rewarding one million dollars for the solution to capping the oil pipe in the Gulf of Mexico. BP used my engineering discovery of calibrating the variability of inner and outer diameter based capping to cap the oil pipe in the Gulf of Mexico, etc. Defendants involved: president x-CEO and engineers of BP. Witnesses involved: John Doe investigator, Lt. Dexter Brown, Warden Tony Patterson, Warden Sylvester Folks, Senator Richard Shelby, and U.S. President.
>
> . . . .
>
> Breached contract of rewarding one million for the oil pipe capping solution.
>
> . . . .
>
> Approx. June 9, 2010, a John Doe investigator was directed by Warden S. Folks to send the solution of my oil pipe capping method to the headquarters of BP.

Doc. 1 at 4-5. For relief, Plaintiff requests ten million dollars. Id. at 7.

---

of the form. Doc. 1 at 1, D. The only Defendant listed was BP Majority. Id. at 5.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotation marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937. Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

4

**III. Analysis.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . . The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." . . . The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." . . . The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir.) (citations omitted), cert. denied, 510 U.S. 976 (1993). However, it is "[o]nly in rare circumstances [that] a private party [can] be viewed as a 'state actor' for section

5

1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

In the present action, Plaintiff names as Defendant an entity who does not typically act under color of state law. That is, Defendant is in private business or is a shareholder of a private business. Plus, Plaintiff has not alleged that Defendant acts under color of state law. Specifically, Plaintiff's allegations do not indicate that Defendant performed a traditional state function, was coerced by the State, or was a joint participant with the State in business. Therefore, considering Defendant's identity, Plaintiff's § 1983 action is frivolous.[3]

---

[3] Aside from the deficiency of naming a non-state actor as a Defendant, the Court notes that the claim itself does not appear plausible. First, Plaintiff's allegations do not convey a claim for a violation of a constitutional or federal right, a violation of which is necessary for stating a claim under § 1983. See Parratt, 451 U.S. at 535, 101 S.Ct. at 1913.

Second, the brief facts that Plaintiff has provided fails to show that Plaintiff is entitled to relief. That is, Plaintiff's allegations do not reflect who made the offer on Defendant's behalf, when and where the offer was made, what action was required to be taken on Plaintiff's behalf, if Plaintiff prepared a document, what did the document contain, how are John Doe investigator and Warden Folks involved, what solution successfully capped the oil pipe, etc. In the absence of such information, Plaintiff's claim appears speculative and conclusory. To be viable, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief'" in order to state a claim. Twombly, 550 U.S. at 555, 557, 127
(Continued)

**IV. Conclusion.**

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **13th** day of **October, 2011**.

                                            **/S/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

S.Ct. at 1965, 1966 (quotation marks and second brackets in original).

    Not only is the claim lacking in plausibility, but when Plaintiff alleges that the witnesses are Senator Richard Shelby and the U.S. President, his claim moves into the dimension of being factually frivolous. A court may dismiss fanciful, fantastic and delusional claims as frivolous because they are clearly baseless. Neitzke, 490 U.S. at 325, 327-28, 109 S.Ct. at 1831, 1833. Dismissal of such baseless claims is left to the sound discretion of "district courts who are 'all too familiar' with factually frivolous claims [and] are in the best position to determine which cases fall into this category." Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992) (citation omitted).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this the **13th** day of **October, 2011**.

                                                  /S/ SONJA F. BIVINS  
                                              **UNITED STATES MAGISTRATE JUDGE**